**PHILIP J. TRENCHAK, ESQ.**
Nevada State Bar No. 9924
**Mullins & Trenchak, Attorneys at Law**
1614 S. Maryland Parkway
Las Vegas, Nevada 89104
P: (702) 778-9444
F: (702) 778-9449
E: phil@mullinstrenchak.com
E: victoria@mullinstrenchak.com
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TIMOTHY DICKENS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>GNLV CORP, doing business as GOLDEN NUGGET LAS VEGAS, a domestic corporation,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT AND JURY DEMAND**<br><br>**Causes of Action:**<br>1) **Discrimination based on gender**<br>2) **Discrimination based on age in violation of the ADEA**<br>3) **Discrimination based on Disability in violation of the ADA** |

## COMPLAINT

Plaintiff, TIMOTHY DICKENS (hereinafter "Plaintiff") by and through his attorney PHILIP J. TRENCHAK, Esq., of Mullins and Trenchak, Attorneys at Law, hereby brings suit against GNLV CORP, doing business as GOLDEN NUGGET LAS VEGAS, a domestic corporation, (hereinafter "Defendant"), inclusive, and avers and alleges as follows:

### JURISDICTION

1. This is an action for damages arising under Title VII of the Civil Rights Act of 1964 ("Title VII"), Section 706 of Title VII unlawful discharge, Violation of the Americans with Disabilities Act, and Violation of the Age Discrimination in Employment Act and the Older Workers Benefits Act (ADEA/OWBPA).

2. This Court has primary jurisdiction over claims set forth herein pursuant to 28 U.S.C. §

1

1331 (federal question), 28 U.S.C. §1343(a)(4)(civil rights action) and 42 U.S.C. §2000e-5(f)(3)(unlawful discrimination and retaliation in employment). This Court has supplemental jurisdiction over any state law claims pled herein pursuant to 28 U.S.C. §1367.

3. All material allegations relative to the named defendants contained in this Complaint are believed to have occurred in the State of Nevada, Clark County. Therefore, venue properly lies in the southern division of the United States Court for the District of Nevada pursuant to 28 U.S.C. §1391(b)(2).

## EXHAUSTION OF ADMINISTRATIVE REMEDY

4. Plaintiff initiated the process of filing a Charge of Discrimination against his former employer, the Defendant named in this action, with the United States Equal Opportunity Commission ("EEOC") wherein he alleged discrimination on the basis of his age, gender, and disability. This was done within 300 days of the incident giving rise to this complaint. Please see attached Exhibit B.

5. Thereafter, Plaintiff's Attorney received TIMOTHY DICKENS's Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission and EEOC Charge of Discrimination. Please see attached Exhibit A.

6. This action is being filed within ninety (90) days of the EEOC "Right to Sue" Letter being received by Plaintiff. Therefore, this action is timely.

7. Plaintiff has exhausted his administrative remedy on all claims pled hereunder prior to filing this action with this Court.

## PARTIES

8. Plaintiff is, and was at all times material to this action, an individual, residing in the State of Nevada, employed by Defendant.

9. Plaintiff is informed and believes, and thereupon alleges, that Defendant is and was at all times material to this action, GNLV CORP, doing business as GOLDEN NUGGET LAS VEGAS, a domestic corporation (hereinafter "Defendant"), duly authorized to transact, and in fact transacting business in the County of Clark, State of Nevada.

## GENERAL ALLEGATIONS

10. Plaintiff is informed and believes, and thereupon alleges, that on or about February 11, 2000, Plaintiff entered into employment with Defendant as a Table Games Dealer.

11. Mr. Dickens is a proficient Dealer on all games on the floor of the Golden Nugget.

12. Plaintiff was born on March 4, 1964, and is currently fifty-six (56) years old.

13. Plaintiff walks with a limp, suffers from diabetes, and is overweight.

14. Mr. Dickens had four (4) weeks of vacation per year and he had utilized FMLA Leave in the past.

15. In February of 2020, Plaintiff was given an award for putting in twenty (20) years of work with his employer.

16. On March 17, 2020, Plaintiff was laid-off temporarily due to the Covid-19 pandemic.

17. Upon information and belief, while Plaintiff was laid-off, Defendant began auditioning very young individuals, who were mostly female, or possibly entirely female, for positions that Mr. Dickens had worked proficiently in the Table Games Department of the Golden Nugget during his twenty (20) year career with the Defendant.

18. Upon information and belief, several of the young, and mostly female job applicants were hired by Defendant.

19. Mr. Dickens was terminated on or about June 27, 2020 and Mr. Dickens was told that the termination was due to a "Reduction in force due to a slow down in business with no foreseeable end to the slow down."

20. Plaintiff was discriminated against based upon his age (over 40), and/or his disability (diabetic and overweight) and/or his gender (male).

21. Plaintiff suffered additional damages set forth in this Complaint.

**FIRST CAUSE OF ACTION**
**(Discrimination Based on Gender in violation of State and Federal Statutes)**

22. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

23. Plaintiff is a member of the class of persons protected by state and federal statutes prohibiting discrimination based on gender.

24. Plaintiff intended to continue dutifully working for Defendant for several years into the future.

25. Defendant took advantage of the Covid-19 pandemic to hire young and mostly, or entirely

3

female employees to replace male employees, such as the Plaintiff herein.

26. Defendant, as an employer is subject to Nevada and federal statutes prohibiting discrimination, NRS 613.330 et. seq. and Title VII, 42 U.S.C. § 2000e et. seq. as amended and thus, has a legal obligation to provide Plaintiff and all employees a workplace free of unlawful discrimination.

27. Plaintiff was told that criteria were used in determining the employees that were retained such as disciplinary history and attendance records.

28. Defendant thinly veiled their discriminatory intentions with a smoke screen of disinformation.

29. Defendant was summarily terminated, and tossed aside, after giving twenty (20) years of his life to the Defendant.

30. Plaintiff suffered adverse economic impact including but not limited to loss of pay, benefits, expenses and other damages which will be more fully described at the time of trial.

31. Plaintiff was embarrassed, humiliated, angered and discouraged by the discriminatory actions taken against him.

32. Plaintiff suffered and continues to suffer compensable emotional and physical harm, including but not limited to, headaches, sleeplessness, anxiety and depression resulting from this unlawful discrimination by his employer.

33. Plaintiff is entitled to be fully compensated for his emotional disturbance by being forced to endure this discrimination.

34. Pursuant to 1991 Amendments to title VII, Plaintiff is entitled to recover punitive damages for Defendant's malicious, intentional repeated violations of federal and state civil rights laws. Discrimination based on gender has been illegal since 1964 and an employer of the size, reputation and experience of Defendant should have not engaged in this blatant discrimination.

35. Plaintiff suffered damages in an amount to be deemed sufficient by the jury.

36. Plaintiff is entitled to an award of reasonable attorney's fees.

37. Defendant is guilty of oppression, fraud or malice, express or implied as Defendant knowingly and intentionally discriminated against Plaintiff because of his gender.

38. Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other

employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury.

## SECOND CAUSE OF ACTION
(Violation of the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621. The Older Workers Benefit Protection Act (OWBPA) amended several sections of the ADEA. Section 115 of the Civil Rights Act of 1991 amended section 7(e) of the ADEA (29 U. S.C. 626(e)).)

39. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

40. Plaintiff is over the age of forty (40), and therefore is a member of the class protected pursuant to the ADEA and OWBPA.

41. Plaintiff was treated in a disparate manner in relation to those individuals not of this protected class.

42. Upon information and belief, the disparate treatment of individuals over the age of 40 was rampant in Defendant's company.

43. While Plaintiff was self-quarantining in his home with his family, Defendant was busy hiring young individuals, to replace Mr. Dickens.

44. While Mr. Dickens was quarantining in his home, Defendant was hiring young individuals that did not have four (4) weeks of vacation per year, and health conditions that required treatment under the employer's health insurance.

45. Plaintiff suffered damages in an amount to be deemed sufficient by the jury.

46. Defendant is guilty of oppression, fraud or malice, express or implied as Defendant knowingly and intentionally discriminated against Plaintiff because of his age.

47. Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury.

48. Plaintiff is entitled to an award of reasonable attorney's fees.

## THIRD CAUSE OF ACTION
(Violation of the ADA)

49. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

50. Plaintiff walks with a limp, is diabetic, and overweight.

51. Defendant was aware that Plaintiff had a disability which affected major life activities.

52. Plaintiff was a qualified individual, as Mr. Dickens was more than able to perform his essential job duties with a reasonable accommodation.

53. Defendant refused to abate disability discrimination directed toward Plaintiff regarding his disability, and discriminated against Plaintiff by subjecting him to disparate terms and conditions of employment, eliminating his ability to work with accommodations, through Plaintiff was fully capable of performing his duties with a reasonable accommodation.

54. Defendant's adverse treatment of Plaintiff was not based upon any medical justification or other reasonable reason and was discriminatory as to Plaintiff. Defendant adversely treated Plaintiff without just cause and because of his disability. Such adverse employment actions were in violation of the ADA.

55. Defendant hired young, able bodied individuals, to work while Mr. Dickens was in a "laid off" status expecting that a call would come any day to send him word that he could resume working.

56. Defendant then unlawfully terminated Plaintiff's employment.

57. As a result of Defendant's above stated actions, among others, Plaintiff suffered deprivation of his income in the form of wages and prospective benefits, and emotional pain and suffering, mental anguish, humiliation, embarrassment, indignity, and other intangible injuries in an amount to be proven at trial. Defendant's refusal to engage in any interactive process to address and remediate the discrimination and retaliation and to eradicate these issues at work, was to effectuate a discriminatory purpose toward Plaintiff by Defendants.

58. Plaintiff should be awarded punitive damages as well, as a result of Defendants' extreme and outrageous conduct.

59. Plaintiff has incurred and continues to incur, attorney's fees in the prosecution of his claims. Plaintiff therefore seeks an award of reasonable attorney fees, in a sum according to proof at trial.

///

///

WHEREFORE, Plaintiff prays for relief against Defendants, each of them, as follows:

## ON ALL CAUSES OF ACTION

1. For compensatory damages in the principal amount in excess of seventy-five thousand dollars ($75,000.00) to be proven at trial;

2. For punitive damages in the principal amount in excess of seventy-five thousand dollars ($75,000.00) to be proven at trial;

3. For special damages in the principal amount in excess of seventy-five thousand dollars, ($75,000.00) to be proven at trial;

4. For attorney's fees and costs incurred;

5. For all damages in an amount to be proved at trial;

6. For costs of suit herein incurred;

7. For reasonable interest on amounts due; and

8. For any such other and further relief as this Court deems just and proper.

DATED this 15th day of January, 2021.

**MULLINS & TRENCHAK, ATTORNEYS AT LAW**

Philip J. Trenchak, Esq.
Nevada Bar No. 009924
Mullins & Trenchak, Attorneys at Law
1614 S. Maryland Parkway
Las Vegas, NV 89104

## PLAINTIFF'S JURY DEMAND

Plaintiff, Timothy Dickens by and through his attorney of record, PHILIP J. TRENCHAK, ESQ. and VICTORIA MULLINS, ESQ. of the law firm MULLINS & TRENCHAK, ATTORNEYS AT LAW, respectfully submits this Demand for Jury pursuant FRCP 38 in the above captioned matter.

DATED this 15th day of January 2021.

**MULLINS & TRENCHAK, ATTORNEYS AT LAW**

_____
PHILIP J. TRENCHAK, ESQ.
Nevada State Bar No. 009924
1614 S. Maryland Parkway
Las Vegas, Nevada 89104
P: (702) 778-9444
F: (702) 778-9449
E: phil@mullinstrenchak.com
E: victoria@mullinstrenchak.com
Attorneys for Plaintiff

## List of Exhibits

### Exhibit A
Right to Sue Notice

### Exhibit B
EEOC Charge

# **Exhibit A**
# Right to Sue Notice

EEOC Form 161-B (11/16)   **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Timothy Dickens<br>c/o: MULLINS & TRENCHAK, Attorneys at Law<br>Attn: Philip J. Trenchak, Esq.<br>1614 S. Maryland Pkwy.<br>Las Vegas, NV 89104 | From: | Las Vegas Local Office<br>333 Las Vegas Blvd South<br>Suite 5560<br>Las Vegas, NV 89101 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 487-2020-01546 | Saul Vazquez,<br>Investigator | (702) 553-4460 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Tamara M. West
Digitally signed by Tamara M. West
DN: cn=Tamara M. West,
o=EEOC, ou=Director-LVLO,
email=tamara.west@eeoc.gov,
c=US
Date: 2020.10.19 08:03:52 -07'00'

Enclosures(s)   Tamara M. West,   *(Date Mailed)*
Local Office Director

cc:   Susan Stanton
Vice President of Human Resources
GNLV CORP. dba GOLDEN NUGGET LAS VEGAS
129 EAST FREMONT STREET
Las Vegas, NV 89101

Enclosure with EEOC
Form 161-B (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**</u>

"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only** one major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

"Regarded as" coverage:
- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

# **Exhibit B**
EEOC Charge

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>487-2020-01546 |
|---|---|---|

Nevada Equal Rights Commission and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.)<br>**Timothy Dickens** | Home Phone (Incl. Area Code)<br>**(702) 830-1408** | Date of Birth<br>**1964** |
|---|---|---|

Street Address: **8238 Fame Ave., Las Vegas, NV 89147**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name<br>**GNLV CORP. dba GOLDEN NUGGET LAS VEGAS** | No. Employees, Members<br>**500 or More** | Phone No. (Include Area Code)<br>**(702) 385-7111** |
|---|---|---|

Street Address: **129 EAST FREMONT STREET, Las Vegas, NV 89101**

DISCRIMINATION BASED ON (*Check appropriate box(es).*)
☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☒ AGE ☒ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: **03-17-2020**   Latest: **06-27-2020**
☒ CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

I began working at the GOLDEN NUGGET on February 11, 2000. I was laid off on March 17, 2020 due to COVID-19. On June 27, 2020, I was called by the GOLDEN NUGGET and told that I was terminated to "a reduction in force due to a slowdown in business with no foreseeable end to the slow down." Upon information and belief, prior to my termination, the GOLDEN NUGGET, was auditioning very young individuals (mostly female) for positions that I had worked during my twenty (20) year dealing career with the GOLDEN NUGGET. I had four (4) weeks of vacation. I am a fifty-six (56) year old male. I am diabetic and I am overweight. I have also had FMLA in the past.

I am making this EEOC Charge on behalf of myself and for those in a class similarly situated as myself.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

X 10/6/2020   X /s/ Charging Party Signature
Date

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.